# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| DAX JOHNSON, | |
| Plaintiff, | |
| v. | Case No.: 1:18-cv-02102-PWG |
| CAPITAL ONE, | |
| Defendant. | |

## MEMORANDUM OPINION

Plaintiff Dax Johnson has brought this suit against Capital One Bank (USA), N.A. ("Capital One"), accusing the company of furnishing false information about him to a credit reporting agency. After Capital One previewed its arguments for a dismissal, I authorized Mr. Johnson to amend his Complaint to address the alleged deficiencies, cautioning that his failure to remedy those deficiencies may result in a dismissal with prejudice. Mr. Johnson took the opportunity to amend his Complaint but has nevertheless failed to state any claims upon which relief may be granted. I am therefore granting Capital One's motion to dismiss this case and am dismissing all counts with prejudice.

## FACTUAL BACKGROUND

Mr. Johnson filed this case in the District Court of Maryland for Baltimore City on May 25, 2018. *See* State Court Compl. 4, ECF No. 1-1. His original, one-sentence Complaint accused Capital One of "failure to validate debt and illegal reporting" under the Fair Debt Collection

1

Practices Act ("FDCPA"). *Id.* Capital One removed the case to this Court on July 10, 2018,[1] invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal ¶ 7, ECF No. 1. It soon afterward notified the Court of its intent to move for a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* July 2018 Notification Letter, ECF No. 7. The company's letter said the proposed motion would argue, among other things, that Capital One cannot be liable under the FDCPA because it is not a debt collector within the meaning of that statute. *See id.* Also, it said, even if Mr. Johnson had meant to bring a claim under the Fair Credit Reporting Act ("FCRA"), his barebones Complaint would still fail to pass muster under Rule 12(b)(6). *See id.*

In an August 1, 2018 letter order, I authorized Mr. Johnson to amend his complaint in light of the alleged defects detailed in Capital One's letter. *See* August 2018 Letter Order, ECF No. 10. I also authorized Capital One to file its proposed motion to dismiss the case. *See id.* The letter order cautioned that, should the case be dismissed on any of the grounds identified in Capital One's July 2018 notification letter, the dismissal "likely will be with prejudice," given that I had afforded Mr. Johnson an opportunity to amend the Complaint. *Id.* I explained, though, that a dismissal based on any previously undiscussed grounds Capital One might choose to assert in its motion would not be with prejudice "unless further amendment would be futile." *Id.*

Mr. Johnson chose to amend his Complaint. His new pleading, spanning less than two full pages, was only slightly more detailed than the first, but it was accompanied by a series of exhibits. *See* Am. Compl., ECF No. 11. It asserted two claims: one for fraud, and one alleging Capital One had violated the FCRA. *See id.*

---

[1] Capital One states the removal complied with the timeliness requirement under 28 U.S.C. § 1446(b) because it did not receive Mr. Johnson's Complaint until June 11, 2018. *See* Notice of Removal ¶ 2, ECF No. 1.

In brief, the Amended Complaint alleges that Mr. Johnson mailed several documents to Capital One on January 15, 2018. The first of these was a "validation letter," which purported to dispute an unspecified "alleged debt" and demanded that Capital One provide him with proof of the debt. Validation Letter 1, ECF No. 11-1. The letter included several other demands and asserted that failure to comply with these would amount to an admission that the company was not a "party of interest," could not enforce its claims under the Uniform Commercial Code, and was "engaged in domestic terrorism." *Id.* at 2. A separate document, entitled "Notice of Contract Change," purported to terminate Mr. Johnson's contract with Capital One. *See* ECF No. 11-2. A third demanded the company pay him $2,253 for the harm it had caused him. *See* ECF No. 11-3.

The Amended Complaint alleges Capital One "never verified" the debt and continued to report it to the credit reporting agency Equifax. *See* Am. Compl. It states that Mr. Johnson at some point filed an "identity theft report" with Equifax and with the federal government. *See id.* It appears that Mr. Johnson intended to enclose this report along with the Amended Complaint, but he did not do so. *See id.*

Capital One, as promised, has moved to dismiss the Amended Complaint under Rule 12(b)(6). Mr. Johnson did not respond to the motion.[2] Having reviewed all of the materials before me, I find a hearing is unnecessary. *See* Loc. R. 105.6.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes parties in a civil action to seek the dismissal of a claim or complaint on the grounds that it fails to state a claim upon which

---

[2] Mr. Johnson filed a motion for summary judgment on April 17, 2019, roughly seven months after Capital One filed its motion to dismiss the case. *See* ECF No. 15. I struck the motion for failure to comply with this Court's pre-motion procedure, as established in a July 2018 letter order. *See* ECF No. 16.

3

relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647-48, 2015 WL 452285, at *8 (D. Md. Feb. 3, 2015). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). Where, as here, a plaintiff has attached exhibits to the complaint, these exhibits are considered part of the pleading. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 757 n.4 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008).

## DISCUSSION

Capital One's motion seeks to dismiss each of the two counts in the Amended Complaint. I will address each count in turn.

**A.**

Count I seeks to hold Capital One liable for fraud. In Maryland, a "garden variety" fraud claim requires the plaintiff to establish the following:

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005).

Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In cases brought under the False Claims Act, the Fourth Circuit has stated that Rule 9(b) requires a plaintiff to, "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc. (KBR)*, 525 F.3d 370, 379 (4th Cir. 2008)); *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). "This minimum factual description is 'often referred to as the who, what, when, where, and how of the alleged fraud.'" *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 117 F. Supp. 3d 722, 725 (M.D.N.C. 2015) (quoting *KBR*, 525 F.3d at 379).

Capital One argues the Amended Complaint satisfies few, if any, of these requirements. I agree. Mr. Johnson has provided no details about the "alleged debt" the company purportedly reported to Equifax. It specifies neither the amount of the debt nor even when it was supposedly incurred. And while the "validation letter," enclosed as an exhibit to the Amended Complaint,

characterizes the debt as "disputed," it offers no clues as to the nature or scope of that dispute. Does Mr. Johnson mean to deny that he ever had an outstanding balance with Capital One? Does he contend the entire debt, whatever it is, was illegitimate, or just a portion of it? None of this is clear, and without this information, he has failed to meet his burden under Rule 9(b). *See Topshelf Mgmt.*, 117 F. Supp. 3d at 726 (explaining that the rule's purpose "is to satisfy the court '(1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts'" (quoting *Harrison*, 176 F.3d at 784)).

Even if Mr. Johnson had spelled out his allegations in greater detail, his claim would still fail. To plead a claim for fraud, a complaint must allege that the defendant intended the mislead the plaintiff. *See Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1124 (Md. 1995). It also must allege that the plaintiff reasonably relied on the defendant's misrepresentation. *Sass v. Andrew*, 832 A.2d 247, 267 (Md. Ct. Spec. App. 2003). Mr. Johnson's Amended Complaint makes no assertions of either kind. Nor could it. Plainly, Mr. Johnson's grievance is not that Capital One misled him. It is, rather, that the company disseminated false information about him to Equifax. Whether or not this allegation might prove actionable under some legal theory, it is evident that fraud is not that theory. Count I must therefore be dismissed with prejudice. *See Innocent v. Bank of N.Y. Mellon*, No. PWG-15-951, 2016 WL 386222, at *8 n.8 (D. Md. Feb. 2, 2016) ("[D]ismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim.")

### B.

Count II fares no better. To succeed on this claim, Mr. Johnson must allege that a credit reporting agency (here, Equifax) notified Capital One of a dispute warranting investigation. *See Magruder v. Educ. Sys. Fed. Credit Union*, 194 F. Supp. 3d 386, 389-90 (D. Md. 2016). Capital

One flagged this requirement in its July 2018 pre-motion letter to the Court, but Mr. Johnson failed to include any such allegation in his ensuing Amended Complaint.

The FCRA imposes two distinct sets of duties on companies that furnish information to credit reporting agencies ("CRAs"). The first set, codified at 15 U.S.C. § 1681s-2(a), "provides that furnishers have a general duty to provide accurate and complete information" to CRAs. *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008). It specifically prohibits any person from furnishing information to a CRA if he or she knows or "has reasonable cause to believe" the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A). It also requires anyone who regularly furnishes information to such agencies to correct or update information it previously provided to ensure completeness and accuracy. *Id.* § 1681s-2(a)(2).

The second set of duties the FCRA imposes on furnishers is found in § 1681s-2(b). This provision is triggered when a consumer disputes the accuracy of a furnisher's report and the CRA, in turn, notifies the furnisher of the dispute. *See Saunders*, 526 F.3d at 148 (citing § 1681i(a)(2)). Upon receipt of the CRA's notice, the furnisher must, at a minimum, conduct an investigation and report its findings to the CRA. *See* § 1681s-2(b)(1).

Mr. Johnson's Amended Complaint does not cite to either of these two provisions, making it difficult to discern just what the basis for his claim may be. It reads as though he means to accuse Capital One of violating its general duty to provide accurate information under § 1681s-2(a). But as Capital One rightly notes, the FCRA "explicitly bars private suits for violations" of this provision. *Saunders*, 526 F.3d at 149 (citing § 1681s-2(c)).

Congress has, by contrast, authorized suits for violations of § 1681s-2(b). *See Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 313 (4th Cir. 2016). To bring a claim under this provision, Mr. Johnson must establish (1) that he notified the CRA of the disputed

7

information, (2) that the CRA notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information. *See Magruder*, 194 F. Supp. 3d at 389-90. Mr. Johnson, though, has not met his burden. Specifically, he fails to allege that Equifax notified Capital One that any information it had furnished was in dispute.

This Court's August 2018 letter order warned Mr. Johnson that should he amend his Complaint, and should I nevertheless grant a dismissal on grounds that Capital One had previously raised in its pre-motion letter, the dismissal would most likely be with prejudice. *See* August 2018 Letter Order. These are precisely the circumstances in which Mr. Johnson now finds himself. Mr. Johnson had every reason to know what was necessary to plead his FCRA claim because Capital One had listed the elements in its pre-motion letter. *See* July 2018 Notification Letter 2. Still his pleading failed to state a claim. Accordingly, Count II is dismissed with prejudice.

## ORDER

Accordingly, it is this ___ day of _____, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Capital One Bank (USA), N.A.'s Motion to Dismiss (ECF No. 12) IS GRANTED; and

2. The Clerk SHALL CLOSE THIS CASE.

/s/ 4/30/19
Paul W. Grimm
United States District Judge